1  **MICHAEL A. CONGER (State Bar #147882)**
   **LAW OFFICES OF MICHAEL A. CONGER**
2  16236 San Dieguito Road, Suite 4-14
   P.O. Box 9374
3  Rancho Santa Fe, CA  92067
   Telephone:  (858) 759-0200
4  Facsimile:  (858) 759-1906

5  Attorney for Plaintiffs David K. Kries, Gary Mondesir
   and those similarly situated

8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. KRIES, and GARY MONDESIR, on behalf of themselves and all other employees similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. **'17 CV 1464 BEN BGS**<br><br>COMPLAINT FOR OVERTIME WAGES (29 U.S.C. § 207) |

19    1.    Plaintiffs DAVID K. KRIES, and GARY MONDESIR, on behalf of themselves and all other employees similarly situated, bring this action on behalf of themselves and other employees and former employees of the City of San Diego to recover unpaid overtime compensation, liquidated damages, interest, attorney's fees and costs under the provisions of Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.).

### I.
### PARTIES

26    4.    The Plaintiffs are employees of the City of San Diego.  The plaintiffs bring this action on their own behalf and, pursuant to 29 U.S.C. § 216(b), on behalf of all other employees and former employees similarly situated.  The plaintiffs have consented in writing to becoming

1

_____
                                                Case No.

1  such a party and have filed such written consents pursuant to 29 U.S.C. § 216(b).

2      5.    Defendant City of San Diego ("City") is the employer of the plaintiffs and those
3  similarly situated.

4      6.    The true names or capacities, whether individual, corporate, associate, or
5  otherwise, of defendants DOES 1 to 10, inclusive, are unknown to plaintiffs, who therefore sue
6  said defendants by such fictitious names.

7      7.    The plaintiffs are informed and believe and thereon allege that each of the
8  defendants designated herein as a DOE is responsible in some manner for the events and
9  happenings herein referred to, and caused injury and damages proximately thereby to plaintiff as
10 herein alleged.  Plaintiffs will seek leave of court to amend this complaint to set forth the true
11 names and capacities of such named defendants when their identities become known.

12     8.    The plaintiffs are informed and believe and thereon allege that each defendant
13 named in this action, including DOE defendants, at all relevant times, was the agent, ostensible
14 agent, servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each
15 of the other defendants, and was at all times acting within the course and scope of his, her, or its
16 authority as agent, ostensible agent, servant, employee, representative, joint venturer, and/or
17 co-conspirator, and with the same authorization, consent, permission or ratification of each of the
18 other defendants.

19     9.    Jurisdiction is proper because this case presents a federal question.
20     10.    Venue is proper because the City of San Diego is in this federal district.

**II**

**COUNT ONE**

**(Against the City of San Diego Under 29 U.S.C. § 216(b))**

24     11.    During the period relevant to this Complaint, Defendant City has failed to
25 correctly calculate the "regular rate" of pay (29 U.S.C. § 207(e) of the plaintiffs and others
26 similarly situated.

27     12.    The City's failure to correctly calculate the regular rate was caused by, among
28 other things, failing to include cash paid to the plaintiffs, and other similarly situated, in lieu of

providing or paying medical and related insurance premiums under the City's flexible benefits plan. See *Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890 (requiring such payments to be included in the "regular rate").

13. The plaintiffs, and others similarly situated, worked overtime for the City in the three-year period before the filing of this complaint.

14. The amount paid by the City for this overtime was too low because the City had failed to properly calculate the regular rate of pay on which the overtime rate was calculated.

15. The City's violation of the Fair Labor Standards Act set forth herein was "willful" because, based on information and belief, the City took no affirmative action to assure compliance with the FLSA requirements.

WHEREFORE, Plaintiffs pray for the following:

1. That Notice be given to present and former employees of the City informing them of their right to join -- without retaliation -- in that portion of this action brought pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b);

2. That judgment be entered against the City in the amounts respectively due the plaintiffs and other employees and former employees of the City similarly situated for unpaid overtime compensation, liquidated damages, and interest as the Court may determine pursuant to 29 U.S.C. §216(b);

3. That pursuant to 29 U.S.C. § 217 a permanent injunction be entered against the City restraining further violations of the Fair Labor Standards Act, among others;

4. Attorney's fees, costs and prejudgment interest pursuant to 29 U.S.C. § 216(b);

5. For such additional and further relief as this Court may deem just.

Dated: July 19, 2017

s/Michael A. Conger
Attorney for Plaintiffs
E-Mail: congermike@aol.com

**JURY TRIAL DEMANDED**