# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. KRIES, and GARY MONDESIR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 17-cv-1464-GPC-BGS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF No. 88]** |

Before the Court is Defendant City of San Diego's (the "City's") motion to dismiss Plaintiffs' Amended Complaint. (ECF No. 88.) The motion is fully briefed. (*See* ECF Nos. 102 (Pls.' Opposition), 104 (Def.'s Reply).) Judge Roger T. Benitez vacated the hearing on the motion and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 105.) On April 18, 2018, the case was transferred to Judge Janis L. Sammartino. (ECF No. 140.) On April 23, 2018, Judge Sammartino recused from the case and the case was transferred to this Court. (ECF No. 141.)

For the reasons set forth below, Plaintiffs' Amended Complaint satisfies Federal Rule of Civil Procedure 8's requirements. As a result, the Court DENIES the motion to dismiss.

## I. Allegations

On July 19, 2017, Plaintiffs filed a Complaint alleging violations of the Fair Labor Standards Act ("FLSA"). (ECF No. 1.) The City filed a motion to dismiss. (ECF No. 52.) Rather than oppose the motion, Plaintiffs responded by filing the now operative Amended Complaint (ECF No. 69).

In the Amended Complaint, Plaintiffs allege that they are employees of the City and that they have worked more than 40 hours per week during many seven-day work weeks. (*Id.* ¶ 2, 12.) Specifically, the Amended Complaint alleges that Plaintiff Mondesir worked more than 40 hours in 140 work weeks since July 19, 2014, and Plaintiff Kries worked more than 40 hours in at least 75 work weeks since July 19, 2014. (*Id.* ¶ 12.)

The Amended Complaint explains that during the work weeks when Plaintiffs worked overtime—that is, in excess of 40 hours—the City failed to pay correct overtime premiums because it failed to include in its regular-rate-of-pay calculation "all remuneration for employment paid to, or on behalf of" Plaintiffs. (*Id.* ¶ 13 (quoting 29 U.S.C. § 207(e).) This occurred, according to the Amended Complaint, because the City failed to include in Plaintiffs' regular rate-of-pay cash that was paid to Plaintiffs "in lieu of providing or paying medical and related insurance premiums under the City's flexible benefits plan." (*Id.* ¶ 14 (citing *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) for the proposition that such payments must be included in the calculation of a "regular rate").) In light of this miscalculation, the Amended Complaint alleges, the City failed to pay Plaintiffs "full premium overtime compensation of one and one-half times the regular rate of payment" as required by the FLSA. (*Id.* ¶ 15.)

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) motion attacks the complaint as containing insufficient factual allegations to state a claim for relief. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**III. Analysis**

**A. FLSA's Overtime Framework**

"The FLSA sets a national minimum wage[] . . . and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week . . . ." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (alterations in original) (quoting *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009–10 (9th Cir. 2011)). Employers are required to pay overtime compensation at a rate "not less than one and one-half times the regular rate at which [an employee] is employed." 29 U.S.C. § 207(a)(1). "The 'regular rate' is defined as 'all remuneration for employment paid to, or on behalf of, the employee,' subject to a number of exclusions set forth in the Act." *Flores*, 824 F.3d at 895 (quoting 29 U.S.C. § 207(e)).

The FLSA includes "a limited exemption from the overtime limit to public employers of law enforcement personnel or firefighters." *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999); *see* 29 U.S.C. § 207(k). "The partial overtime exemption in § 207(k) 'increases the overtime limit slightly and it gives the employer greater flexibility to select the work period over which the overtime limit will be calculated.'" *Flores*, 824 F.3d at 895 (quoting *Adair*, 185 F.3d at 1060). Department of Labor regulations provide an altered schedule of overtime payment requirements for employees engaged in fire protection and law enforcement activities. *See* 29 C.F.R. § 553.250.

3

### B. Discussion

The City argues that the Amended Complaint fails to allege a plausible violation of the FLSA. First, the City argues that Plaintiffs "provide no factual content whatsoever in regard to their City employment, . . . such as their positions, duties, hours of work, etc." (ECF No. 88-1 at 4 (citing *Hall v. DIRECTV, LLC*, 846 F.3d 757, 774 (4th Cir. 2017)).) This makes it impossible, the City explains, to determine based solely on the Amended Complaint whether Plaintiffs are engaged in work that would fall under any of FLSA's exemptions, such as § 207(k). (*Id.* ("Whether Plaintiffs are law enforcement or fire protection employees, or have duties that would render them exempt from overtime requirements, for example, makes a difference under the FLSA.").)

Plaintiffs respond by arguing that the application of the FLSA's exemptions for specific employment activity is an affirmative defense not appropriate for a Rule 12(b)(6) motion to dismiss. The Court agrees. The Ninth Circuit has made clear that the defendant in a FLSA suit "bears the burden of establishing that it qualifies for the exemption" set forth in § 207(k). *Flores*, 824 F.3d at 903; *Adair*, 185 F.3d at 1060. "Ordinarily, affirmative defenses . . . may not be raised on a motion to dismiss except when the defense raises no disputed issues of fact." *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018). Perhaps in an effort to invoke that exception, the City points to a statement in Plaintiffs' opposition memorandum that Plaintiffs are law enforcement officers. (ECF No. 102 at 6 ("As the City knows, both the named plaintiffs, and the 100 additional City employees who have consented to join this case pursuant to 29 U.S.C. [§] 216(b), are all police officers employed by the City.").) Even if the Court considered it undisputed that Plaintiffs are law enforcement officers, however, that fact alone does not establish the City's qualification for § 207(k)'s exemption. As explained by the Ninth Circuit in *Adair* and *Flores*, not only must the City show that its employees engage in the type of work covered by § 207(k); it must also show that "it established a 7(k) work period and that the 7(k) work period was 'regularly recurring.'" *Adair*, 185 F.3d at 1060 (quoting *McGrath v. City of Philadelphia*, 864 F. Supp. 466, 474 (E.D. Pa.

1994)); *Flores*, 824 F.3d at 903. In *Adair* and *Flores*, the city-defendants proved this by offering evidence, such as the collective bargaining agreement covering the plaintiffs' relevant work, "the actual work cycles that the officers followed," and undisputed assertions that the city had adopted a specific "work period." *See Adair*, 185 F.3d at 1060–62; *Flores*, 824 F.3d at 904. Here, the City asserts no such undisputed facts in support of its motion to dismiss. As a result, this motion to dismiss is not the proper vehicle for the City to assert its affirmative defense that § 207(k)'s partial exemption applies to Plaintiffs' claims.

Next, in a single sentence, the City argues that the Amended Complaint does not allege facts showing that Plaintiffs are similarly situated to "the other employees on behalf of whom they bring their action." (ECF No. 88-1 at 4.) A motion to dismiss, however, challenges the claims asserted in a complaint; whether Plaintiffs may represent the putative class is an issue that will be dealt when Plaintiffs seek to certify their putative class. *See, e.g.*, *Henderson v. J.M. Smucker Co.*, No. CV 10-4524-GHK (VBKx), 2011 WL 1050637, at *2 (C.D. Cal. 2011) ("The permissible scope of the class, if any, is a question best addressed through a motion for class certification.").

Last, the City argues that the Amended Complaint fails to state a plausible claim of a FLSA violation because its allegations are conclusory. (ECF No. 88-1 at 4–5.) The Court disagrees. In *Landers*, the Ninth Circuit clarified the "degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA" in light of the Supreme Court's decisions in *Twombly* and *Iqbal*. 771 F.3d at 640. To determine whether the allegations in Landers's complaint were sufficient to state a plausible claim, the panel looked to—and found persuasive—several post-*Twombley*/*Iqbal* decisions by other federal circuit courts. Synthesizing those courts' discussions, the *Landers* court explained:

> Although . . . factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, we do not agree that conclusory allegations that merely recite the statutory language are adequate. Indeed, such an approach runs afoul of the Supreme Court's pronouncement

> in *Iqbal* that a Plaintiff's pleading burden cannot be discharged by a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action.
>
> . . . [I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek. . . . [T]he plausibility of a claim is context-specific. A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, . . . we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under FLSA. . . .
>
> . . . [A]t a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week.

*Id.* at 644–45 (citations and internal quotation marks omitted).

The court held that, under this standard, Landers's allegations failed to state a plausible FLSA claim. Landers had pled that (1) "he was employed by Quality in its cable television, phone, and internet service installation business," (2) "his employment was subject to FLSA's minimum wage and overtime pay requirements," (3) "he was not paid at the minimum wage," and (4) "he was subjected to a 'piecework no overtime' wage system, whereby he worked in excess of forty hours per week without being compensated for his overtime," or at least not adequately. *Id.* at 640. Alternatively, Landers alleged that Quality paid some overtime wages "upon a designated hourly rate," but that rate failed to include "the additional and substantive portions" of Landers's earnings that Quality paid him on a piece rate basis. *Id.* at 645. Also alternatively, Landers's alleged that even if the piecework no overtime pay scheme was proper, Quality failed to pay for all of Landers's overtime hours. *Id.* The court explained that these were "generalized allegations" that Quality violated FLSA lacking "any detail regarding a

given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.* at 646. While he did not need to allege the amount of overtime payment due with "mathematical precision," Landers "should be able to allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* All that Landers had alleged, the court explained, was that he was "not paid for overtime hours worked," which made out merely a possible, not plausible, claim. *Id.*

In light of *Landers*, the Amended Complaint in this case asserts plausible FLSA claim. The nonconclusory factual allegations in the Amended Complaint consist of the following: (1) Plaintiffs are employees of the City; (2) Plaintiff Mondesir worked more than 40 hours in 140 work weeks since July 19, 2014; (3) Plaintiff Kries worked more than 40 hours in at least 75 work weeks since July 19, 2014; (4) in paying Plaintiffs for their overtime work during those weeks, the City did not include in its "regular rate" calculation cash paid to Plaintiffs "in lieu of providing or paying medical and related insurance premiums under the City's flexible benefits plan" and other remuneration. (*See* ECF No. 69.) Put another way, according to the nonconclusory facts in the Amended Complaint, on the 140 weeks that Mondesir worked more than forty hours and the 75 weeks that Kries worked more than forty hours, both were paid less than what FLSA requires because the City's calculation of their regular rate of pay excluded cash-in-lieu of benefits paid to Plaintiffs through the City's "flexible benefits plan." As noted in the Amended Complaint (*see id.* ¶ 14), the Ninth Circuit has held that cash paid to an employee in lieu of offered benefits must be counted in an employee's regular rate of pay for purposes of calculating overtime premiums. *Flores*, 824 F.3d at 898–901. If it is true that the City did not include Plaintiffs' cash-in-lieu of benefits payments in their regular rate of pay calculation, and the Court must assume it is for purposes of a motion to dismiss, it is plausible that the City failed to pay (during the weeks identified at Paragraph 12 of the Amended Complaint) the overtime premium that FLSA requires as interpreted by the Ninth Circuit in *Flores*.

The Court disagrees with the City's characterization of Plaintiffs' allegations as equivalent to the plaintiff's in *Landers*. Plaintiffs' allegations here do two things that Landers's did not: (1) identify "given" weeks in which the City failed to pay what the FLSA required (*see* ECF No. 69 ¶ 12), and (2) explain, under the factual circumstances of *this* case (invoking the City's "flexible benefits plan" (*see id.* ¶ 14)), why the City's overtime premiums paid to Plaintiffs for those weeks were inadequate under the FLSA. Those factual allegations go beyond a mere recitation of a FLSA overtime claim's elements. *See Landers*, 771 F.3d at 644 (the complaint must do more than recite the elements of a FLSA claim).

## IV. Conclusion

For the reasons set forth above, the factual allegations in the Amended Complaint state a plausible violation of the FLSA, and the City's motion to dismiss is not an appropriate vehicle to invoke § 207(k)'s exemption for law enforcement officers or the issue of Plaintiffs' typicality of the putative class. As a result, the motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: July 18, 2018

Hon. Gonzalo P. Curiel
United States District Judge