# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. KRIES, and GARY MONDESIR, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-01464-GPC-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 131]** |

Before the Court is a motion for attorney's fees filed by 19 plaintiffs in this case that have settled their claims (the "Judgment Plaintiffs"). (ECF No. 131.) The motion is fully briefed. (*See* ECF No. 134 (Def.'s Opposition); ECF No. 137 (Pls.' Reply).) For the reasons set forth below, the Court awards the Judgment Plaintiffs $40,380 in attorney's fees.

**I.    Background**

Plaintiffs filed this action on July 19, 2017, against the City of San Diego (the "City"). (ECF No. 1.) Plaintiffs, employees of the City, allege that the City failed to pay them proper overtime premiums under the Fair Labor Standards Act ("FLSA"), as interpreted by the Ninth Circuit in *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir.

1

2016).  In response to a motion to dismiss, Plaintiffs filed an amended complaint on September 14, 2017.  (ECF No. 69.)  Since then, a total of 19 plaintiffs have accepted settlement offers made by the City under Federal Rule of Civil Procedure 68.  (ECF Nos. 120, 121, 127 (notices of acceptance of settlement offers); ECF Nos. 128, 129, 130 (judgments).)  The City's settlement offers included a promise to pay the Judgment Plaintiffs reasonable attorney's fees and costs.  (*E.g.* ECF No. 120 at 4.[1])

After judgment was entered as to the Judgment Plaintiffs, Plaintiffs' attorney, Michael Conger, filed the instant motion for attorney's fees as to the Judgment Plaintiffs' claims only.  (ECF No. 131.)  On March 26, 2018, Judge Roger T. Benitez submitted the fees motion without a hearing.  (ECF No. 135.)  On April 18, 2018, Judge Benitez recused from the case, and the case was transferred to Judge Janis L. Sammartino.  (ECF No. 140.)  On April 23, 2018, Judge Sammartino recused from the case, and the case was transferred to this Court.  (ECF No. 141.)

## II. Legal Standard

The City does not dispute that the Judgment Plaintiffs are entitled to recover reasonable attorney's fees.  (ECF No. 134 at 2.)  Beyond the express promise in the City's Rule 68 settlement offers to pay reasonable attorney's fees, the FLSA provides that in an action asserting failure to pay proper overtime, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).

A court addressing such a fee motion begins with a "lodestar" calculation, which entails multiplying the hours reasonably expended by a reasonable hourly fee.[2]  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018).  The party seeking the fee

---

[1] Citations to specific pages in the record refer to the pagination provided by the CM/ECF system.
[2] Fee requests under the FLSA are governed by the same legal standards that apply to fee requests under all statutorily-authorized fee provisions, such as 42 U.S.C. § 1988.  *Hensley v. Eckerhart*, 461 U.S. 424, 432 n.7 (1983) ("The standards set forth in this opinion [which address fees requests under § 1988] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'").

2

3:17-cv-01464-GPC-BGS

has the burden of proving that the proposed number of hours to use in the lodestar calculation is reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Hours should not be counted if they are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts in this circuit have agreed that they "may award attorneys' fees for pre-litigation work that is necessary to the filing of an action." *Sierra Club v. U.S. E.P.A.*, 625 F. Supp. 2d 863, 870 (N.D. Cal. 2007).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Before applying any such adjustment, the Court must be sure that it is not doing so based on a consideration that was already incorporated into the lodestar amount. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

**III. Discussion**

**A. Lodestar Calculation**

With respect to the lodestar calculation, Judgment Plaintiffs propose a rate of $600 per hour. (ECF No. 131-1 at 11.) The City does not contest this rate, though it makes clear that its choice not to contest the rate in this motion is "without waiver of or prejudice to any future opposition to the rate sought by Mr. Conger." (ECF No. 134 at 8.) The City does dispute the number of hours proposed by the Judgment Plaintiffs. With the exception of a few alterations, however, the Court finds Judgment Plaintiffs' hour-amount proposal to be reasonable.

The Judgment Plaintiffs ask the Court to calculate the lodestar using a total of 66.2 hours expended. According to Attorney Conger's timesheet, which is attached to the motion, these hours represent 30.6 hours spent solely on the Judgment Plaintiffs' cases ("Judgment Plaintiff Hours"), 20.8 hours spent on case preparation prior to Attorney Conger's filing of the complaint ("Pre-Complaint Hours") and 14.8 hours of work that Attorney Conger performed after filing the complaint but that was pertinent to all

3

Plaintiffs (as opposed to just the Judgment Plaintiffs) ("Joint Work Hours").³

In their motion, the Judgment Plaintiffs recognize that the Pre-Complaint and Joint Work Hours represent work Attorney Conger performed on behalf of individuals other than the Judgment Plaintiffs. They nonetheless argue that this work was "necessary to produce the favorable result for the[] 19 Judgment Plaintiffs." (ECF No. 131-2 ¶ 6.) According to Attorney Conger, the Pre-Complaint and Joint Work Hours exclude "time expended for solely the 103 non-settling plaintiffs and numerous other entries more reasonably attributable to the case for those plaintiffs, including many e-mail exchanges and conversations with counsel for the City and counsel for the plaintiffs in related cases." (*Id.* ¶ 7.) He affirms that if the Court includes these hours in its lodestar calculation for this motion, he will not seek fees for the same work in any future fee motion. (*Id.*)

The City does not contest the request to count the Judgment Plaintiff Hours in the lodestar calculation. It nonetheless contests the Pre-Complaint and Joint Work Hours. The City argues that it is inappropriate for the Judgment Plaintiffs to obtain attorney fees based on work that was done (1) prior to the Judgment Plaintiffs' joining this case, or (2) on behalf of all Plaintiffs in this case, particularly when the Judgment Plaintiffs represent only 16% of all Plaintiffs. The Court addresses these objections separately.

### i. Pre-Complaint Hours

As to the former argument, the City points out that the first Judgment Plaintiff to join this case, Marc Pitucci, spoke with Attorney Conger for the first time on July 19, 2017. (*See* ECF No. 131-2 at 12.) To include some 20 hours of work performed by Conger prior to that date is, in the City's view, unreasonable. The Court mostly disagrees. In reaching that conclusion, the Court finds it helpful to use the following

---

³ The City's calculations of these hours differ from those reached by the Court. (*See generally* ECF No. 134.) The Court is unsure why its totals differ from the City's, but repeated itemized calculations by the Court have produced the same hour amounts, which are listed above.

guiding principle: if work performed by Attorney Conger would have been necessary to pursue this case if Judgment Plaintiffs were the *only* Plaintiffs in this case, it is reasonable for the Court to include that work in its lodestar calculation. (And if work performed by Attorney Conger would have been *un*necessary to pursue this case if Judgment Plaintiffs were the only Plaintiffs here, it would be unreasonable to include those hours of work in the lodestar amount.) This principle only makes sense, however, considering Attorney Conger's affirmation that he will not seek fees in a future motion based on the same hours of work. To the extent that the Court includes these hours in the lodestar calculation, the Court will keep Attorney Conger to his word in the future.

Using the principle just discussed, the Court concludes that most of the Pre-Complaint Hours in Conger's timesheet represent work that was necessary to pursue Judgment Plaintiffs' claims. Initially contacting Plaintiffs for the first time regarding the *Flores* decision, preparing a memorandum regarding that decision, conferencing with clients regarding the filing of this lawsuit, and preparing the complaint for this case would have all been necessary had Judgment Plaintiffs been Attorney Conger's only clients. A closer question is presented by the remaining pre-complaint line items, which can be grouped into two categories: (1) monitoring and updating clients on the *Flores* litigation, and (2) corresponding with clients regarding overtime calculations. The Court finds it appropriate to include the first category in the lodestar calculation. Compliance with Federal Rule of Civil Procedure 11 required Attorney Conger to be aware of the latest developments in the *Flores* litigation before filing the complaint in this case because Plaintiffs' claims rely entirely on the *Flores* panel decision. As Attorney Conger continued this monitoring he "provided status reports to representatives of the 19 Judgment Plaintiffs, the San Diego Police Officers' Association." (ECF No. 137 at 6.) Keeping clients apprised of the status of planned litigation, and the changing legal landscape governing that litigation, is an important aspect of an attorney's job. The Court finds that this work was a necessary part of initiating Judgment Plaintiffs' cases.

Attorney Conger nonetheless fails to provide sufficient reason to count the latter

category of work, which relates to overtime "calculations." These line items in Attorney Conger's timesheet include descriptions of work such as "E-mail exchange with clients re: preliminary overtime calculations," "e-mail exchange with clients re: overtime questions," "e-mail exchange with clients re: overtime analysis," and "e-mail exchange with clients re: questions pertaining to calculation of overtime." (ECF No. 131-2 at 11.) Attorney Conger does not explain who was asking these "questions," and who was answering them. That is important because if the questions were asked by the clients (which did not include Judgment Plaintiffs at the time), it is not clear that had Judgment Plaintiffs been Attorney Conger's only clients, he would have received these same questions. As for the overtime "calculation" and "analysis," it is not clear that Attorney Conger would have done the same work had Judgment Plaintiffs been his only clients. Because it is Judgment Plaintiffs' burden to show that the number of hours worked is reasonable, and they have failed to do so as to this category of work, the Court excludes these line items from its lodestar calculation. Thus, the Court will count only **19.2 hours** of the Pre-Complaint Hours in its lodestar calculation.

### ii. Joint Work Hours

The Joint Work Hours consist of work performed by Attorney Conger in response to the City's two motions to dismiss. The City filed its first motion to dismiss on August 24, 2017. (ECF No. 52.) Rather than file an opposition to that motion, Plaintiffs filed an amended complaint. (ECF No. 69.) When Plaintiffs filed their amended complaint, the City withdrew its motion to dismiss. (ECF No. 82.) On September 28, 2017, the City filed a motion to dismiss the amended complaint. (ECF No. 88.) Plaintiffs filed an opposition to the motion on October 23, 2017 (ECF No. 102), and the City filed a reply on October 27 (ECF No. 104). Prior to the Court's ruling denying the motion to dismiss (ECF No. 143), the Judgment Plaintiffs accepted the City's Rule 68 offer and judgment was entered on their claims (ECF Nos. 120, 121, 127–30).

The Judgment Plaintiffs argue that Attorney Conger's work relating to these motions should be included in the lodestar calculation. The relevant line items on

Attorney Conger's timesheet include "receipt and review of pleading re: City's motion to dismiss," "research in support of opposition or amendment to City's motion to dismiss," "prepare and file amended complaint," "receipt and review of pleading re: notice of withdrawal of City's motion to dismiss," "receipt and review of pleading re: City's motion to dismiss amended complaint," and "preliminary research and preparation of opposition to City's motion to dismiss." (ECF No. 131-2 at 13–14.) While the Court agrees that Attorney Conger's work reviewing and responding to the first motion to dismiss should be included in the lodestar calculation, the work relating to the City's second motion to dismiss should not. When the Judgment Plaintiffs received and accepted the City's Rule 68 offers, the operative pleading was the amended complaint. Because the amended complaint was filed in response to arguments offered in the City's first motion to dismiss, Attorney Conger's work in litigating the Judgment Plaintiffs' claims included responding to the City's first motion to dismiss. By contrast, Attorney Conger's work in responding to the second motion to dismiss did not further Judgment Plaintiffs' claims at all, because the Judgment Plaintiffs settled their claims before the Court ruled on the second motion to dismiss. The Court will therefore include in its lodestar calculation only the Joint Work Hours relating to the first motion to dismiss, which total to **4.9 hours**.

The City also suggests that the Court should pro-rate the Pre-Complaint Hours based on the Judgment Plaintiffs' proportion of the total amount of Plaintiffs in this case. In other words, because Judgment Plaintiffs represent only 16% of Plaintiffs in this case, the City argues that the Court should include in the lodestar calculation only 16% of the Joint Work Hours. The Court cannot agree. As the Judgment Plaintiffs persuasively argue, Attorney Conger "could not simply prepare and file 16% of an opposition to the City's motion[] to dismiss. He was required, on behalf of the 19 Judgment Plaintiffs, to perform this work." (ECF No. 137 at 7.) The Court reiterates, however, that it will not permit Attorney Conger to seek fees based on these same hours of work in any future fee motion.

7

3:17-cv-01464-GPC-BGS

### iii. Fees on Fees

The Judgment Plaintiffs also seek attorney's fees for Attorney Conger's work on this motion. Such "fees-on-fees" are compensable so long as reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Attorney Conger reports that he worked on this motion on three occasions, totaling 9.3 hours. These three entries state: "preparation of motion for attorney fees and supporting documents (3.5)," "continuing preparation of motion for attorney fees and supporting documents (4.3)," and "final preparation and file motion for attorney fees, bill of costs (1.5)." (ECF No. 131-2 at 16.) The City argues that these entries are too vague, "particularly given the failure to adequately substantiate time spent on behalf of the Judgment Plaintiffs as well as demonstrate time purportedly written off." (ECF No. 134 at 8.) The City cites to *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795 (5th Cir. 2006), for the proposition that Judgment Plaintiff must provide documentation of deductions Attorney Conger made to his fees request. The Court rejects this argument. The only mention of deducting time in Judgment Plaintiffs' motion is the assertion that Attorney Conger excluded from the Pre-Complaint and Joint Work Hours "time expended for solely the 103 non-settling plaintiffs and numerous and other entries more reasonably attributable to the case for those plaintiffs, including many e-mail exchanges and conversations with counsel for the City and counsel for the plaintiffs in related cases." (ECF No. 131-1 at 11.) Work on this fee motion clearly would not fall within that description, as it is made exclusively on the Judgment Plaintiffs' behalf.

As for the City's assertion that the three entries are too vague, the Court does not agree. The descriptions of this work are no vaguer than the descriptions of work elsewhere in the timesheet, and they include sufficient information to permit the Court to undergo an analysis of the reasonableness of the request. *Cf. Heller v. Dist. of Columbia*, 832 F. Supp. 2d 32, 51 (D.D.C. 2011) (finding entries such as "review cases" and "review literature" too vague to provide a "minimum level of detail needed for meaningful analysis"). The Court acknowledges that 9.3 hours for a run-of-the-mill fee

8

motion may be on the high side. But, ultimately, that amount does not cross the line of excessiveness. The Court therefore includes in its lodestar calculation the **9.3 hours** Attorney Conger spent preparing this fee motion, as well as the **3.3 hours** he spent preparing a reply to the City's opposition to this motion (ECF No. 137 at 8–9.)

In sum, the Court calculates the lodestar amount for this motion consists of a $600 hourly rate and 67.3 total hours performed (30.6 Judgment Plaintiff Hours, 19.2 Pre-Complaint Hours, 4.9 Joint Work Hours, and 12.6 Fee Motion Hours). That produces a lodestar amount of $40,380.

### B. Post-Lodestar Adjustment

The Judgment Plaintiffs request that the Court adjust the lodestar amount by applying a "multiplier" of 1.1, or, in other words, an "enhancement" of 10%. They identify three factors that they believe weigh in favor of this adjustment: (1) the contingent nature of Attorney Conger's fee, (2) the novelty and difficulty of the question involved, and (3) delay in payment. (ECF No. 131-1 at 11–13.) The Court finds this adjustment inappropriate.

First, Judgment Plaintiffs note that none of them, or any other of Plaintiffs, have paid anything to Attorney Conger because his award is contingent on success in this litigation. They suggest that the only way to account for Attorney Conger's risk is a "modest" enhancement of the lodestar amount. This argument is inconsistent with Supreme Court case law. In *City of Burlington v. Dague*, 505 U.S. 557 (1992), the Court held that fee-shifting statutes permitting a prevailing party to recover reasonable attorney fees do not allow an enhancement of the lodestar amount on the ground that the prevailing party's attorney was working on a contingency basis. *Id.* at 567 ("[W]e hold that enhancement for contingency is not permitted under the fee-shifting statutes at issue."). The Ninth Circuit extended this holding to the context of § 1988 claims in *Gates v. Deukmejian*, 987 F.2d 1392, 1403 (9th Cir. 1992) ("Given the Court's holding in *Dague*, it is clear that contingency multipliers are no longer permitted under § 1988."). Because FLSA's fee provision is governed by the same standard as § 1988, *see Hensley*,

9

461 U.S. at 430 n.4, *Dague*'s bar applies here as well. The Judgment Plaintiffs suggest that the Supreme Court's decision in *Perdue* altered *Dague*'s enhancement bar. It did not. There, the issue was whether the lodestar may be "increased due to superior performance and results." 559 U.S. at 546. The Court answered yes, under rare and exceptional circumstances. *Id.* at 554. It did not, however, revisit the holding of *Dague*. Judgment Plaintiffs have offered no reason to believe that this case presents a rare or exceptional instance of superior performance and/or results.

Second, this case does not present a novel or complex issue. Generally, novelty and complexity are not reasons for enhancing a lodestar. *Id.* at 553 ("We have . . . held that the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'" (quoting *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). The Judgment Plaintiffs' only arguments suggesting that this is a novel or complex case are that (1) FLSA requires Plaintiffs in this case to affirmatively opt in, (2) Federal Rule of Civil Procedure 68(a) required the Judgment Plaintiffs to respond to the City's offer within 14 days, and (3) there is a large number of Plaintiffs in this case. (ECF No. 13-1 at 12.) These circumstances do not warrant an enhancement. The fact that FLSA required the Judgment Plaintiff to opt in to the litigation is reflected in the lodestar because the number of hours worked includes Attorney Conger's efforts in consulting with and filing each Judgment Plaintiff's consent to join the action. Rule 68(a)'s 14-day response deadline applies to all civil cases, rendering the circumstances of this case ordinary. And the fact that many Plaintiffs have joined this action do not make the circumstances underlying *this* motion novel or complex, because it is asserted on behalf of only 19 individuals.

Last, Judgment Plaintiffs assert that there has been a delay in payment because Attorney Conger has not been paid for any of the legal work he has performed in this case. That is just another way of arguing that Attorney Conger's contingency fee justifies an enhancement. By definition, a contingency fee agreement means that the attorney will

not get paid until a specific event occurs, such as the litigation ending in the plaintiff's favor. *Dague*, 505 U.S. at 560–61 ("A fee is . . . contingent if the obligation to pay depends on a particular result's being obtained.").

At bottom, Judgment Plaintiffs' litigation and settlement occurred under normal, unexceptional circumstances. The Court finds no reason to believe that an enhancement of the lodestar amount is appropriate.

## IV. Conclusion

The Court GRANTS in part and DENIES in part the motion for attorney's fees. The Court awards the Judgment Plaintiffs $40,380 in attorney's fees.

**IT IS SO ORDERED.**

Dated: August 6, 2018

Hon. Gonzalo P. Curiel
United States District Judge

11

3:17-cv-01464-GPC-BGS